## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TABITHA EBLEN | ) | |
| | ) | Case No. 15-cv-9170 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DURANOTIC DOOR, INC., | ) | **Jury Demanded** |
| [Registered Agent: | ) | |
| Mark A. Thomas | ) | |
| 15352 A S. Keeler Street | ) | |
| Olathe, KS 66062] | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Mark Thomas | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Tabitha Eblen, by and through her undersigned attorneys, brings this action for damages under the Fair Labors Standard Act (hereinafter "FLSA") against Defendant Duranotic Door, Inc. ("Duranotic") and Defendant Mark Thomas.  For her Complaint, Plaintiff states the following:

### JURISDICTION AND VENUE

1.      This Court has original federal question jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because these claims are brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      The United States District Court for the District of Kansas has personal jurisdiction because Defendants have offices, conduct business and can be found in the District of Kansas, and the causes of action set forth herein have arisen and occurred in substantial part in the District of

Kansas.

3.      Venue is proper in the District of Kansas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4.      Defendant Duranotic is a Kansas corporation, maintaining its corporate headquarters and principal place of business at 14901 West 117th Street, Olathe, Kansas 66062.

5.      At all relevant times, Defendant Thomas has been the principle owner and officer of Defendant Duranotic.   In that capacity, Defendant Thomas was personally responsible for establishing and maintaining the compensation practices applicable to Plaintiff Eblen, including the compensation practices related to the violations of the FLSA as stated herein.

6.       From on or about July 2010 until on or about June 26, 2015, Defendant Duranotic was Plaintiff's "employer" as defined by in the FLSA, 29 U.S.C. § 203(d).

7.      At all relevant times, Defendant Thomas was also an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d) by virtue of Defendant Thomas' being personally responsible for establishing and maintaining the compensation practices applicable to Plaintiff Eblen during her employment with Defendant Duranotic.

8.      Plaintiff Eblen  is a former employee of Defendants.  From approximately July 2010 until approximately June 26, 2015, Plaintiff performed work as an employee of Defendants with the title Administrative Supervisor.  Plaintiff, however, did not have or exercise any authority to hire, fire or discipline any other employees of Defendants.  Plaintiff's duties as an employee of Defendants included scheduling installation technicians, typing sales orders, invoicing, filing, and

2

handling accounts payable and receivable, including calling customers regarding payments due to Defendant Duranotic.

9.      Plaintiff is a resident of Olathe, Kansas.

10.      During her employment with Defendants, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e).

11.      During the period of her employment with Defendants, Plaintiff regularly was required to work greater than 40 hours per work week during her employment with Defendants. Plaintiff was typically scheduled to work, and typically worked, from 7:00 a.m. to 5:00 p.m., Monday through Friday.  She typically was provided a one-hour lunch break during most business days.  Therefore, during most business weeks, Plaintiff worked 45 hours.

12.      At the beginning of Plaintiff's employment with Defendants, she was paid a straight salary of $1,200 every two weeks.  She received two periodic raises during her employment with Defendants; after the first raise, Plaintiff's salary was $1,250 every two weeks; after the second raise, Plaintiff's salary was $1,300 every two weeks.

13.      By establishing a straight salary as Plaintiff's compensation without regard to the number of hours Plaintiff worked during relevant work weeks, Defendant failed to pay Plaintiff any overtime premium rate of pay for work performed in excess of 40 hours during the relevant work weeks.

## COUNT I

## (THE FAIR LABOR STANDARDS ACT)

14.      Plaintiff hereby incorporates Paragraphs 1- 13 as though fully set forth below.

15.     During various work weeks during her employment with Defendants, Plaintiff worked in excess of 40 hours.  In fact, Plaintiff typically worked 45 hours per week.

16.     By paying Plaintiff a straight salary without regard to the number of hours she worked per week, Defendants failed to pay Plaintiff overtime wages, thereby violating Plaintiff's overtime rights under the FLSA.

17.     Defendants knew or should have known that it failed to properly pay Plaintiff overtime wages so that Defendant's violation of Plaintiff's overtime rights was willful.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

(a)     Declaring and determining that Defendants violated the Fair Labor Standards Act by failing to pay Plaintiff overtime wages;

(b)     Awarding damages to Plaintiff, and against Defendants for all unpaid overtime wages due;

(d)     Entering judgment against Defendants in the amounts respectively due to Plaintiff for liquidated damages, attorney's fees, costs and interest; and

(e)     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## DESIGNATED PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

**BRADY & ASSOCIATES**

_s/ Mark A. Kistler_

Mark A. Kistler          KS # 17171
Michael F. Brady        KS # 18630
Sara T. Ballew          KS # 25787
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
(913) 696-0925
(913) 696-0468 _(Facsimile)_
mkistler@mbradylaw.com
brady@mbradylaw.com
sballew@mbradylaw.com

**ATTORNEYS FOR PLAINTIFF**